E-FILED
Monday, 26 September, 2022  09:11:31 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OTIS ARRINGON, | ) | |
|   Plaintiff, | ) | |
| | ) | |
|   vs. | ) | Case No. 22-4081 |
| | ) | |
| GREG DONATHAN, | ) | |
|   Defendant | ) | |

ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [3].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough

1

facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff's complaint identifies one Defendant: Program Director Greg Donathan. Plaintiff notes the facility was originally built for juvenile offenders, but the Department of Human Services (DHS) did not make adequate changes when it took over the building for adults in the Rushville Treatment and Detention Center.

Plaintiff's main complaint is the size of the mattresses. Plaintiff maintains standard twin beds are 38 inches wide. but the Rushville beds are only 28 inches. Plaintiff ordered a memory foam mattress for his bed, and before he received it, property managers cut the mattress to fit his bunk.

In addition, Plaintiff claims the mattresses are put in upside down so there is no railing to hold the mattress is place.  As a result, Plaintiff says his mattress slid off the bottom bunk at night.

Plaintiff next alleges the ladders for the top bunk are on the wrong end of the bed.  The ladders are by shelves making it difficult to climb and the placement hinders his ability to fit property boxes under the bed.

Finally, Plaintiff says he kicks in his sleep and hurts his feet and knees because there is no room.  Plaintiff says at 6 feet tall and 260 pounds, he is too big for the mattress.

In response to his Resident Grievance, Plaintiff was advised while others had complained about ladders, he was the first Rushville resident to complain about bed size.  The individual responding notes the beds are not quite as wide as standard bed

and that is why his foam mattress had to be trimmed to fit his bed.  The individual also claimed the mattresses were not turned upside down as some beds did not come with a lip on the edge. In addition, the facility maintained the bed was the same size as beds installed in campers or military dorms.

Finally, Plaintiff was advised replacing all the beds at Rushville would come at an "enormous cost" (Comp, p. 11). Therefore, in his relief requested section, Plaintiff asks the Court to order DHS to move Rushville residents to a new building.  While an individual Plaintiff may seek damages or injunctive relief which specifically impacts his living conditions, the Court cannot order DHS to change buildings based on Plaintiff's problems with his mattress.

Because Plaintiff is a civil detainee, his claims concerning his living conditions arise under the Fourteenth Amendment. *See Sharifpour v. Liberty Health Care Corporation,* 2022 WL 4225399, at *1 (C.D.Ill. Aug. 22, 2022), *citing Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).  Plaintiff need only allege "the conditions of confinement were sufficiently serious" and the "defendant's conduct was objectively unreasonable." *Loy v. Scott*, 2020 WL 6051100, at *2 (C.D.Ill. Oct. 13, 2020), *citing Sibley v. Dart*, 2019 WL 8544391, at *3 (N.D.Ill. March 18, 2019*).*

For a condition to be "sufficiently serious," it must result in a "denial of the minimal civilized measure of life's necessities" such as a denial of a basic human need including food, medical care, sanitation, or physical safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Mays v. Dart*, 453 F.Supp.3d 1074, 1091 (N.D.Ill. April 9, 2020).

3

Plaintiff has not stated a constitutional violation based on his disagreement with the position of the bunk beds or the ladder.  In addition, even for the purposes of notice pleading, Plaintiff has not alleged a sufficiently serious condition based on an uncomfortable mattress.  *See i.e. Thomas v. Doe*, 2016 WL 3951035, at *1 (C.D. Ill. July 20, 2016) ("While the thin mattress may have been uncomfortable, nothing suggests that Plaintiff suffered the type of extreme deprivation required to state a constitutional claim."); *see also Howard v. Bean*, 2021 WL 2721352, at *2 (N.D.Ind. July 1, 2021)(no claim when plaintiff "provided with bedding, even if uncomfortable, and situation lasted only a week); *see also Jenkins v. Miller*, 2018 WL 6788527, at *9 (W.D.Wis. Dec 26, 2018)("Even though courts have found that a lack of bedding for more than a week may qualify as the denial of a basic life necessity, they have not found that the constitutional protection applies to uncomfortable beds or mattresses")(internal citation omitted); *Marshall v. Nickel*, 2007 WL 5582139, at *9 (W.D. Wis. Jan. 29, 2007) (use of uncomfortable, rubber mat as mattress for several months failed to state claim under Eighth Amendment).

However, Plaintiff is proceeding *pro se.* Therefore, the Court will allow Plaintiff one opportunity to file an amended complaint if he believes he can provide enough information concerning his mattress to state a constitutional violation.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a constitutional violation. *See* 28 U.S.C. § 1915(d)(2).

2) The Court will allow Plaintiff additional time to file an amended complaint if he believes he can articulate a constitutional violation based on his mattress.

Plaintiff must file his amended complaint within 21 days or on or before October

18, 2022.  If Plaintiff fails to file his amended complaint by the deadline, his case

will be dismissed.

3) The Clerk is to provide Plaintiff with a blank complaint form to assist him and

reset the merit review deadline within 30 days.

ENTERED this 26th day of September, 2022

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE