4:22-cv-04081-JES    # 12    Filed: 11/09/22    Page 1 of 3

E-FILED
Wednesday, 09 November, 2022  12:06:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS ARRINGON, )<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>GREG DONATHAN, )<br>   Defendant ) | Case No. 22-4081 |

ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [11].

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [3]. On September 26, 2022, the Court dismissed Plaintiff's initial complaint for failure to state a claim upon which relief could be granted. *See* September 26, 2022 Order. The Court found Plaintiff's claims concerning his mattress failed to rise to the level of a constitutional violation. However, the Court allowed Plaintiff additional time to file an amended complaint if he could "provide enough information concerning his mattress to state a constitutional violation." September 25, 2022 Order, p. 3. Plaintiff has now filed a motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15. [11]

As previously noted, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim. In reviewing Plaintiff's amended complaint, the

the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff's amended complaint again identifies one Defendant: Program Director Greg Donathan. Plaintiff's amended complaint is a single paragraph which spans three pages and complaints about various problems at Rushville without providing any specific factual basis for any claim.

For instance, if the Plaintiff again says the mattresses are too small and improperly fitted and he has fallen out of bed as a result. How often did Plaintiff fall? What dates or approximately what time periods did he fall? Did Plaintiff suffer any injuries or seek medical care or report his fall? How did the Defendant know about Plaintiff's falls?

Plaintiff then includes other claims which are not related to the mattresses or the conditions in his cell. For instance, Plaintiff complaints about policies enforced against residents who refuse housing and his inability to obtain appropriate mental health treatment. Plaintiff fails to provide a specific factual basis to support either claim. More important, these claims were not included in his initial complaint and do not pertain to the mattresses or bunk beds. The Plaintiff was given an opportunity to amend to clarify his previous claim and cure the noted deficiencies. *See Childress v. Walker*, 787 F.3d 433,

436 (7th Cir. 2015). It was not an opportunity to state entirely new, unrelated claims in hopes of stating a violation of his constitutional rights.

The Court will allow Plaintiff one final opportunity to file an amended complaint concerning his bedding conditions at Rushville. Plaintiff should provide more information concerning his alleged falls or injuries associated with the bedding. If Plaintiff fails to follow the Court's directions, his case will be dismissed.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [11]

2) The amended complaint is dismissed for failure to state a constitutional violation. *See* 28 U.S.C. § 1915(d)(2).

3) The Court will allow Plaintiff one final opportunity to file an amended complaint if he believes he can articulate a constitutional violation based on his mattress. Plaintiff must file his amended complaint within 21 days or on or before November 30, 2022. If Plaintiff fails to file his amended complaint by the deadline, his case will be dismissed.

3) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the merit review deadline within 21 days.

ENTERED this 9th day of November, 2022

s/ James E. Shadid<br>
JAMES E. SHADID<br>
UNITED STATES DISTRICT JUDGE