UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS ARRINGON,<br>   Plaintiff,<br><br>vs.<br><br>GREG DONATHAN,<br>   Defendant | )<br>)<br>)<br>)    Case No. 22-4081<br>)<br>)<br>) |

ORDER

JAMES E. SHADID, U.S. District Judge:

    This cause is before the Court for consideration of Plaintiff's motion for leave to file a second amended complaint and motion to proceed *in forma pauperis* [3], [14].

    The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [3]. The Court dismissed Plaintiff's initial complaint for failure to state a claim upon which relief could be granted. *See* September 26, 2022 Order. Plaintiff's claims concerning his mattress failed to rise to the level of a constitutional violation. Therefore, the Court allowed Plaintiff additional time to file an amended complaint if he could provide additional information to clarify his claim. *See* September 25, 2022 Order, p. 3.

    Plaintiff filed an amended complaint which was also dismissed for failure to articulate a constitutional violation. *See* 28 U.S.C. § 1915(d)(2). Plaintiff again stated his mattress was too small, fit improperly on the bed frame, and he fell out of bed. However, Plaintiff again failed to explain if this happened one time or several times and

if he was injured as a result.  In addition, Plaintiff did not explain how his Defendant, Program Director Greg Donathan, knew he had fallen.

Plaintiff then included several new claims which were unrelated to either his mattress or room conditions.  The Court noted "Plaintiff was given an opportunity to amend to clarify his previous claim and cure the noted deficiencies. It was not an opportunity to state entirely new, unrelated claims in hopes of stating a violation of his constitutional rights." November 9, 2022 Order, p. 2-3 (internal case citation omitted).

The Court allowed Plaintiff "one final opportunity to file an amended complaint concerning his bedding conditions at Rushville" and reminded Plaintiff he needed to provide additional information in support of his claim, or his case would be dismissed. November 9, 2022 Order, p. 3.

Plaintiff has submitted a new complaint which has been filed as a motion for leave to file a second amended complaint. [14].  The motion is granted pursuant to Federal Rule of Civil Procedure 15. [14]

As previously noted, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim. In reviewing Plaintiff's second amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff has identified two Defendants: Program Director Greg Donathan and Secretary of the Department of Human Services, Grace Hou.

> Grace Hou as secretary of DHS is obligated to make sure my sleeping conditions are safe + secure, that there is a very low possibility of injury while getting in an out of bed or while sleeping, she's been made aware of this not being case at this facility + has done nothing to correct the conditions that put my safety from injury. (Sec.Amd.Comp., p. 6).

Plaintiff then states the same claim against Defendant Donathan and adds the Program Director says it would cost too much money to fix the problems with every bed in facility. (Sec.Amd.Comp., p. 6).

Since Plaintiff is a civil detainee, his claims concerning his living conditions arise under the Due Process Clause of the Fourteenth Amendment. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). To allege a constitutional violation, Plaintiff must claim: (1) the complained of conditions were objectively serious; (2) the defendant "acted purposefully, knowingly, or perhaps even recklessly;" and (3) the defendant's conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018*Miranda*, 900 F.3d at 353-54; *see also Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022). "For a condition to be 'sufficiently serious,' it must result in a 'denial of the minimal civilized measure of life's necessities' such as a denial of a basic human need including food, medical care, sanitation, or physical safety." *Arringon v. Donathan*, 2022 WL 4466714, at *2 (C.D.Ill. Sept. 26, 2022), *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Mays v. Dart*, 453 F.Supp.3d 1074, 1091 (N.D. Ill. April 9, 2020).

Plaintiff has now had three opportunities to clearly state a violation of his constitutional rights, but he has again ignored the Court's directions. Again, Plaintiff provides no time frame. He does not state when he fell out of bed, now often, nor if he suffered any injury. While he claims the supervising Defendants knew about problems with the beds, he does not clearly state what problems or how they posed a safety threat or how the Defendants were directly involved. Plaintiff has also failed to allege a constitutional volitional based official policy or practice.

In short, Plaintiff has failed to provide enough supporting facts to allege a sufficiently serious condition, nor that any Defendant's actions were objectively unreasonable. Consequently, Plaintiff has noted articulated a claim upon which relief can be granted.

The Court finds allowing additional opportunities to amend would be futile given the previous opportunities to amend and Plaintiff's failure to address the cited deficiencies. *See Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) ("Leave to replead need not be allowed in cases of repeated failure to cure deficiencies by amendments previously allowed.")(internal citation omitted).

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file a second amended complaint is granted [14].

2 This case is dismissed without prejudice for failure to state a clam upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

3) Plaintiff's petition to proceed *in forma pauperis* is denied because Plaintiff fails to state a federal claim [3]. Any amendment would be futile as the Plaintiff

has already had three opportunities to state his claims and he has repeated failed to cure the noted deficiencies.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis must set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Entered this 21st day of February, 2023.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE